IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WANDA IVETTE ORTEGA-ORTIZ
Plaintiff

vs                                          CIVIL 03-1758CCC

FARMACIA CARIMAS
ABDHUL YASSIN
Defendants

# O R D E R

Pending before the Court is that part of plaintiffs' Motion Renewing Motion in Limine and Requesting Order in Limine Respecting Other Matters (**docket entry 155**) which is contained at paragraph 1.5, item 5, having to do with documents concerning the no-cause determination of the Anti-Discrimination Unit.  Having considered plaintiffs' reply to defendant's opposition filed on February 13, 2006 (**docket entry 162**) in compliance with the Court's Order (docket entry 160), such part of plaintiffs' Motion in Limine (**docket entry 157**) is GRANTED.  Accordingly, the following documents are EXCLUDED as evidence for defendants:

(1) March 25, 2004 letter to plaintiff from the Assistant Secretary of Legal Affairs and Standards of the Commonwealth of Puerto Rico Department of Labor informing that an action would not be filed on her claim.

(2) recommendation dated January 30, 2003 from the Department investigator to a Department attorney recommending a no-cause determination.

(3) letter dated February 12, 2003 from plaintiff to the Secretary of the Department of Labor requesting reconsideration of the no-cause determination.

(4) letter dated June 23, 2003 from a legal technician to the Director of the Anti-Discrimination Unit recommending a no-cause determination.

Defendants and their attorneys are admonished that they are to make no reference to any of these documents either directly or indirectly during trial.

CIVIL 03-1758CCC                                         2

Regarding movant's broader request that the Court make a ruling as to relevance or Fed.R.Evid. 403 considerations of proffered evidence respecting any material issue in this case, the same is DENIED.  The Court will address in a separate Order any pending evidentiary issues based on the May 14, 2004 pretrial conference minutes (docket entry 31), the August 3, 2004 Order (docket entry 49), the October 6, 2004 Order (docket entry 93), and the October 28, 2004 Order (docket entry 106).

In her reply (docket entry 162), at page 10, plaintiff points to two different sets of remarks allegedly made by defendant Yassin during the interview before the Anti-Discrimination Unit or which appear in the notes of an examiner at the ADU as indicative of a discriminatory animus towards women.  The first set of comments appear in the first full paragraph of page 10, and are described as a response to a question posed during the interview regarding what he thought of women.  Movant narrates that he stated words to the effect that "a woman is like a ball, you kick it and kick it until it returns back to your foot submissive."  The second remark, set forth in the second paragraph of page 10, which according to movant appears in the examiner's note, is placed in the context of Yassin having said "that employees have sometime asked him what a submissive woman is like" and that his response to said employees was that "She is like a ball, you throw it against the wall and it comes back to you. There is no way for them to leave you."

Plaintiff will submit copies of the ADU files in which these remarks are contained within the term of twenty (20) days after notice.  Once read by the Court as they appear in said documents, the Court will determine whether it will inquire further as to the alleged nature of

CIVIL 03-1758CCC                              3

the same as derogatory remarks indicative of Yassin's discriminatory animus in order to decide whether they are admissible.

    SO ORDERED.

    At San Juan, Puerto Rico, on April 21, 2006.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge